ARIAS OZZELLO & GIGNAC LLP
Mike Arias (SBN 115385)
6701 Center Drive West, Suite 1400
Los Angeles, California 90045-1558
Telephone: 310.670.1600
Facsimile:  310.670.1231

JONES WARD PLC
Lawrence L. Jones II (KY# 88459)
*Admitted Pro Hac Vice*
312 South Fourth St., 6th Floor
Louisville, Kentucky 40202
Telephone: 502.882.6000
Facsimile: 502.587.2007

*Attorneys for Plaintiff Kareama Patterson*

Alicia J. Donahue, SBN 117412
adonahue@shb.com
Amir Nassihi, SBN 235936
anassihi@shb.com
SHOOK, HARDY & BACON L.L.P.
One Montgomery, Suite 2700
San Francisco, California  94104-4505
Telephone:     415-544-1900
Facsimile:     415-391-0281

Attorneys for Defendant
Bayer HealthCare Pharmaceuticals, Inc.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| KAREAMA PATTERSON,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>BAYER HEALTHCARE PHARMACEUTICALS INC.,<br><br>　　　　　　Defendant. | Case No. 1:14-cv-01087-LJO-JLT<br><br>**ORDER GRANTING PROTECTIVE AND CONFIDENTIALITY STIPULATION**<br><br>**(Doc. 26)** |

The Court hereby makes the following Protective and Confidentiality Order the Order of this Court applicable to the parties and their counsel:

1. **Discovery Materials**. This Stipulation and Protective Order applies to all products of discovery and all information derived there from, including, but not limited to, all documents and deposition testimony and any copies, excerpts or summaries thereof ("Discovery Materials"), obtained by any party pursuant to the requirements of any court order, requests for production of documents, requests for admissions, interrogatories or subpoenas.

2. **Identification of Confidential Discovery Materials**. All Discovery Materials that contain trade secrets and other confidential research, development, or commercial information, or Plaintiff's personal and medical information may in good faith be stamped "Confidential" by the producing party and shall be subject to the provisions of this Stipulation and Protective Order. Such stamping or marking will take place prior to production by the producing person, or subsequent to selection by the receiving party for copying but prior to the actual copying. The stamp shall be affixed in such manner as not to obliterate or obscure any written matter.

3. Subject to the provisions of paragraph 5 of this Protective Order, disclosure of any Confidential Discovery Materials shall be limited to:

    a. the Court and its staff;

    b. "counsel," including inside Counsel and Outside Attorneys and their office attorneys, legal assistants, and clerical staffs;

    c. persons shown on the face of the document to have authored or received it;

    d. court reporters and videographers retained to transcribe testimony;

    e. the parties;

    f. retained experts or vendors who are expressly retained by or on behalf of any party to provide assistance or testimony with respect to the underlying litigation;

    g. any witness during deposition in this Litigation; and

    h. Plaintiff's healthcare providers.

2
STIPULATED PROTECTIVE AND CONFIDENTIALITY ORDER
Case No. 1:14-cv-01087-LJO-JLT

4. **Challenging Confidential Designation.** Counsel for a party to whom Confidential Discovery Materials are being produced may challenge the "Confidential" designation made by the producing party by first requesting a "meet and confer" with the producing party in an attempt to amicably resolve the challenge. In the event agreement cannot be reached, the proponent of confidentiality may apply by motion for a ruling as to whether the designated discovery material may, in accordance with this Order, be treated as confidential. This motion shall be made within 30 days from the date on which the parties, after good faith attempt, agree that they cannot resolve the dispute or such other time period agreed to by the parties. The party seeking to maintain the materials as "Confidential" shall have the burden of proof on such motion to establish the propriety of its confidential designation. The Discovery Materials designated "Confidential" shall continue to be treated as such and subject to the provisions of this Protective and Confidentiality Order pending determination by the Court of the merits of any such motion. In the event that the Court enters an order that particular Discovery Materials are not entitled to the designation "Confidential" the Discovery Materials shall nevertheless continue to be treated as "Confidential" and subject to the terms of this Stipulation and Protective Order for 30 days following the service of Notice of Entry of such order to enable the producing party to seek review and a stay of such order.

5. **Disclosure of Confidential Discovery Material.**

a. The disclosure of the Discovery Materials designated as "Confidential" by counsel for a party to the Litigation to legal assistants, paralegals and clerical staff employed by the disclosing counsel's office and the Court is allowed under the terms of this Stipulation and Protective Order without limitation and without the need to execute an Affidavit. Such disclosure shall not constitute a violation or a waiver of the protections afforded by the Protective and Confidentiality Order. Said assistants, paralegals and clerical staff, as

employed agents of the disclosing counsel, are bound by this Order to the same extent as the parties and attorneys are bound.

      b.      Disclosure by counsel for a party in the Litigation to any of the other individuals/entities identified in sections 3.c-g of Discovery Materials designated as "Confidential" by another party shall not constitute a violation or waiver of the protections afforded by this Protective and Confidentiality Order to the extent that such disclosure is necessary to assist in the prosecution or defense of the Litigation and so long as the individual/entity (or, in the event that an entity is not a natural person, the entity's employees) to whom disclosure is made has executed an Affidavit in the form attached hereto as Exhibit A. Copies of each executed Affidavit shall be maintained by the disclosing counsel.

      c.      Disclosure by counsel to a plaintiff's healthcare provider and/or that healthcare provider's counsel, outside of a deposition setting, of Discovery Materials designated as "Confidential" by another party shall not constitute a violation or waiver of the protections afforded by this Protective and Confidentiality Order to the extent that such disclosure is necessary to assist in the prosecution or defense of the Litigation and so long as the individual/entity (or, in the event that an entity is not a natural person, the entity's employees) to whom disclosure is made has executed an Affidavit in the form attached hereto as Exhibit A. Copies of each executed Affidavit shall be maintained by the disclosing counsel. Such disclosure, outside of a deposition setting, shall be limited to the following categories of documents:

            i.      All documents (including call notes) referencing the healthcare provider to whom the disclosure is being made.

        ii.       All promotional materials identified as being used for the purposes of sales call visits with the healthcare provider to whom the disclosure is being made.

        iii.      All approved promotional materials used for the purposes of sales call visits with healthcare providers found within the custodial file of a sales representative who called on the healthcare provider to whom the disclosure is being made.

        iv.      All documents and materials presented during educational seminars (*i.e.* continuing medical education lectures and other similar lectures/meetings).

        v.       All "Dear Doctor" and "Dear Healthcare Provider" letters sent to healthcare providers in the United States.

        vi.      All documents publicly available.

    d.    Any party seeking to use Discovery Materials designated as "Confidential" by another party fall outside of the categories set forth in 5(c)(i-vi) during the deposition of plaintiff's healthcare provider must give the other party notice of its intent and the documents it plans to use seven days prior to the deposition.

    e.    During a deposition, disclosure by counsel to a witness and/or that witness's counsel, if any, of Discovery Materials designated as "Confidential" by another party shall be permitted so long as the witness to whom the disclosure is made has executed the Affidavit or orally agreed on the record to the terms of the Affidavit attached hereto as Exhibit A. Under no circumstances shall copies of Discovery Materials designated as "Confidential" used at a deposition be left in the possession of the witness or his/her counsel. Further, copies of Discovery Materials designated "Confidential" shall not be attached to or included

with any original or copy of the transcript of a deposition sent to the witness or his/her counsel.

   f.  In addition, within thirty (30) days after the completion of a deposition session, counsel may designate the entirety or any specified portion of the transcript or exhibits thereto as "Confidential" by letter to the opposing party. Until such thirty (30) day period expires, the entirety of such transcripts and all exhibits thereto shall be treated as Confidential and subject to this Order. After such thirty (30) day period expires, such transcripts, exhibits or portions designated as "Confidential" shall be treated as such under this Order. If no such designation is made within thirty (30) days, such transcripts or exhibits shall not be treated as "Confidential" under this Stipulation and Protective Order.

   g.  Any materials provided to an insurer or its counsel shall not be used for any purpose other than evaluation of the claims asserted in this litigation and shall not be used outside the claims asserted in this litigation.

  6.  Except as provided for herein, nothing in this Protective and Confidentiality Order shall prevent or restrict counsel for any party in any way from inspecting, reviewing, using or disclosing any Discovery Materials produced or provided by that party, including Discovery Materials designated as "Confidential." The parties reserve all their respective rights concerning whether or not there has been a waiver of confidentiality in the event that the producing party shares such Discovery Materials designated as Confidential with third parties other than as provided for elsewhere in this Protective and Confidentiality Order.

  7.  Disclosure of Discovery Materials designated as "Confidential" other than in accordance with the terms of this Protective and Confidentiality Order may subject the disclosing person to such sanctions and remedies as the Court may deem appropriate.

8. All persons receiving or given access to Discovery Materials designated as "Confidential" in accordance with the terms of this Protective and Confidentiality Order consent to the continuing jurisdiction of this Court for the purposes of enforcing this Protective and Confidentiality Order and remedying any violations thereof. All parties and their respective counsel, paralegals and the employees and assistants of all counsel, and experts receiving Discovery Materials designated as "Confidential" shall take steps reasonably necessary to prevent the disclosure of Confidential Discovery Materials other than in accordance with the terms of this Stipulation and Protective Order.

9. This Order <u>does not equate to the Court's agreement that "Confidential" records may be filed under seal</u> ~~automatically seal court records in this case or~~ <u>nor does it equate to a determination as to how "Confidential" documents will be used at trial</u> ~~apply to the disclosure of Confidential Discovery Material at trial~~. It is only intended to facilitate the prompt production of discovery materials. <u>A party that seeks to file documents under seal SHALL comply with Local Rule 141.</u> ~~A party that seeks to file with this Court any material that contains, describes, identifies, discloses, discusses, refers to or attaches any Discovery Materials designated as "Confidential" shall file such Discovery Materials under seal in compliance with applicable law. Documents filed under seal with the Clerk of the Court shall be kept under seal until further order of the Court, so long as the Court permits, in a sealed envelope with information required by the Court as well as the following statement endorsed on it:~~

> ~~Confidential~~
>
> ~~This envelope contains documents that are subject to a Protective Order entered by the Court in this action governing the use of Confidential Discovery Material. All such material so filed shall be maintained by the Clerk of the Court separate from the public records in this action, and shall be released only upon further Order of the Court.~~

7
STIPULATED PROTECTIVE AND CONFIDENTIALITY ORDER
Case No. 1:14-cv-01087-LJO-JLT

10. The producing party of any Confidential Discovery Materials attached to or referenced in a document filed with the Court under seal may assent to the unsealing of the document at any juncture without waiving its assertion of confidentiality as to any other Discovery Materials.

11. Nothing shall prevent disclosure beyond that required under this Protective and Confidentiality Order if the producing party consents in writing to such disclosure, or if the Court, after notice to all affected parties, orders such disclosure and that Order is not subject to an appellate stay within 30 days after Notice of Entry of the Order is served on the producing party.

12. Any party who inadvertently fails to identify documents, including deposition transcripts, as "Confidential" shall, promptly upon discovery of its oversight, provide written notice of the error and substitute appropriately designated documents produced in the same format as the incorrectly designated document was initially produced.  Any party receiving such inadvertently unmarked documents shall, following receipt of notice of the error, treat such documents as Confidential as if they had initially been designated as such, make good faith and reasonable efforts to retrieve documents distributed to persons not entitled to receive documents with the corrected "Confidential - Subject to Protective Order" designation and, upon receipt of the substitute documents, promptly return or destroy the improperly designated document(s) and/or the electronic media on which such document(s) reside.

12. **Procedure for Use in Court**.  Discovery Material received by the Court or entered into evidence in non-trial proceedings shall not lose its status as "Confidential" Discovery Materials as a result.  <u>However, the Court pretrial order governs how documents may be used at trial.  Thus, the parties must raise the issue with the Court in order to ensure the pretrial order adequately addresses the topic.</u> ~~The use of any Discovery Material designated as "Confidential" at trial will be addressed in the Court's Pretrial Order.~~

13.     This Protective and Confidentiality Order shall be binding throughout and after final adjudication of this action, including but not limited to any final adjudication of any appeals and petitions for extraordinary writs.

14.     Unless otherwise ordered or agreed in writing by the producing party, and if requested by the producing party, each receiving party must return all Confidential Discovery Material to the producing party or provide a certification to the producing party that all Confidential Discovery Material in their possession has been destroyed after the final termination of this action including copies of materials provided to third parties under the provisions of this Order. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Confidential Discovery Material.  Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this agreement as set forth in Paragraph 16 above.

15.     ~~Within thirty (30) days after final adjudication of this action, including but not limited to, any final adjudication of any appeals and petitions for extraordinary writs, Plaintiff or Defendant may request that the Clerk return under seal to counsel for the producing party all Discovery Materials designated "Confidential" including, without limitation, all transcripts or other things that were subject to the provisions of this Protective and Confidentiality Order.~~

16.     Any party may apply to the Court for a modification of the Protective and Confidentiality Order, and nothing in this Protective and Confidentiality Order shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

17. No action taken in accordance with the Protective and Confidentiality Order shall be construed as a waiver of any claim or defense in the Litigation or of any position as to discoverability or admissibility of evidence.

18. If a receiving party or its counsel or expert is served with a subpoena or other process by any court, administrative or legislative body, or any other person or organization that calls for production of any Confidential Discovery Materials produced by another party, the party to whom the subpoena or other process is directed shall not, to the extent permitted by applicable law, provide or otherwise disclose such documents or information until 10 business days after notifying counsel for the producing party in writing of all of the following:  (1) the information and documentation requested for production in the subpoena; (2) the date on which compliance with the subpoena is requested; (3) the location at which compliance with the subpoena is requested; (4) the identity of the party serving the subpoena; and (5) the case name, jurisdiction and index, docket, complaint, charge, civil action or other identification number or other designation identifying the litigation, administrative proceeding or other proceeding in which the subpoena has been issued.

19. Nothing in this Stipulation and Protective Order shall be construed to prevent this Court from disclosing any facts relied upon by it in making or rendering any finding, ruling, order, judgment or decree of whatever description.

20. Each party shall bear its own costs for complying with this Protective and Confidentiality Order.

21. Discovery Materials designated as "Confidential" produced by any defendant in this case may be disclosed to the named plaintiff(s) in other Mirena® lawsuits and their counsel who have executed Exhibit B acknowledging that:  (a) they have filed and served the defendant who produced the Discovery Materials to which they would like access, (b) their lawsuit alleges use of the Mirena® and subsequent injury of idiopathic intracranial hypertension,  (c) a protective order has

been entered in the lawsuit described in the preceding subclause (b) has an identical protective order to this one entered; (d) all counsel for plaintiff who receive the documents agree to be governed by the terms of this Order.  Upon execution, Exhibit B shall be provided to counsel for the Defendant(s).

IT IS SO ORDERED.

Dated: __**April 29, 2015**__              _____**/s/ Jennifer L. Thurston**
                                            UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| KAREAMA PATTERSON,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>BAYER HEALTHCARE PHARMACEUTICALS INC.,<br><br>　　　　　Defendant. | Case No. 1:14-cv-01087-LJO-JLT |

**EXHIBIT A**

**AGREEMENT TO MAINTAIN CONFIDENTIALITY**

STATE OF _____　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　　)
COUNTY OF _____　　　　　　　)

_____, being duly sworn, deposes and says:

　　1.　　I am over the age of 18 years and make this Affidavit based upon my personal knowledge, and I am competent to testify to the matters stated herein.

　　2.　　I am aware that a Stipulation and Protective Order has been entered in the above-captioned case. A copy of that Stipulation and Protective Order has been shown to me, and I have read and understand its contents.

3. By signing this Affidavit, I promise that I will not use the materials and contents of the materials designated "Confidential" pursuant to the above-described Stipulation and Protective Order for any purpose other than this litigation.

4. By signing this Affidavit, I also promise that I will not communicate, disclose, discuss, identify, or otherwise use materials or the contents of materials designated "Confidential" pursuant to the above-described Stipulation and Protective Order with, to, or for any person or entity other than the Court, a party to the above-described Litigation, counsel for a party to the Litigation, including other counsel, paralegals, and staff employed in his or her office, persons permitted by the above-described Stipulation and Protective Order to attend depositions taken in the Litigation, and persons or entities assisting such counsel who have executed an affidavit in the same form as this Affidavit.

5. By signing this Affidavit, I also promise that I will not copy, transcribe, or otherwise reproduce, or cause to be copied, transcribed, or otherwise reproduced, by any means whatsoever, any materials or the contents of any materials designated "Confidential" pursuant to the above-described Stipulation and Protective Order except to the extent to which I am directed to do so by counsel for a party to the Litigation, in which case all such copies, transcriptions, or reproductions shall be made solely for my own use in connection with my work or assistance in the above matter. I further promise at the conclusion of the Litigation to deliver upon request <u>all</u> materials designated "Confidential" (originals and copies) to the counsel who originally directed that said materials be provided to me.

6. I understand that, by signing this Affidavit, I am agreeing to subject myself to the jurisdiction of this Court.

7. I understand that any use or distribution of the materials or contents of the materials designated "Confidential" pursuant to the above-described Stipulation and Protective Order in any

manner contrary to the provisions of the Stipulation and Protective Order will subject me to remedies as this Court may deem appropriate.

_____
Signature of Affiant

Subscribed to and sworn before me,
this _____ day of _____, 201_.

_____
Notary Public                [Seal]

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| KAREAMA PATTERSON,<br><br>    Plaintiff,<br><br>  v.<br><br>BAYER HEALTHCARE PHARMACEUTICALS INC.,<br><br>    Defendant. | Case No. 1:14-cv-01087-LJO-JLT |

# EXHIBIT B
# AGREEMENT TO MAINTAIN CONFIDENTIALITY

STATE OF _____  )
                       )
COUNTY OF _____ )

_____, being duly sworn, deposes and says:

1.   I am an attorney and make this Affidavit based upon my personal knowledge, and I am competent to testify to the matters stated herein.

2.   I am aware that a Stipulation and Protective Order has been entered in this case. A copy of that Stipulation and Protective Order has been shown to me, and I have read and understand its contents.

3.   By signing this Affidavit, I promise that I will not use the materials and contents of the materials designated "Confidential" pursuant to the above-described Stipulation and Protective Order for any purpose other than this litigation.

4.   By signing this Affidavit, I agree to be bound by all terms of the above-described Stipulation and Protective Order.

6. I understand that, by signing this Affidavit, I am agreeing to subject myself to the jurisdiction of this Court.

7. I understand that any use or distribution of the materials or contents of the materials designated "Confidential" pursuant to the above-described Stipulation and Protective Order in any manner contrary to the provisions of the Stipulation and Protective Order will subject me to remedies as this Court may deem appropriate.

8. By signing this affidavit, I am verifying under oath that I am a named plaintiff or counsel for a named plaintiff in a Mirena lawsuit that has previously been filed and served ("the Lawsuit") where (a) all the claimed injury(ies) in the Lawsuit allegedly result from the use of Mirena® and subsequent injury of idiopathic intracranial hypertension, and (b) a protective order has been entered in the Lawsuit that is identical to the present order.

9. By signing this affidavit, I agree to only access and review Discovery Materials produced by parties that I have sued and served in the Lawsuit.

Dated: _____,
       _____, 201_

                                                        _____
                                                        Signature of Affiant

Subscribed and sworn to before me,
this _____ day of _____

_____
Notary Public